1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASON ALEXANDER MORRIS,　　　　　)　　No. C 10-2425 JSW (PR)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)　　**ORDER OF TRANSFER**
　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　(Docket No. 2)
CALIFORNIA DEPARTMENT OF　　　　　)
CORRECTIONS, et al,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　)
_____

　　　　Plaintiff, a prisoner of the State of California, currently incarcerated at the

California Medical Facility in Vacaville, California, has filed this civil rights action

under 42 U.S.C. § 1983 complaining about the conditions of his confinement while

incarcerated at that prison.  Plaintiff has filed an application to proceed *in forma*

*pauperis* (docket no. 2.)

　　　　In the complaint, Plaintiff complains about Defendants located within the venue

of the United States District Court for the Eastern District of California as well as his

conditions of confinement at the prison in that venue.  Plaintiff alleges no basis for

jurisdiction within the venue of the United States District Court for the Northern District

of California.

　　　　When jurisdiction is not founded solely on diversity, venue is proper in the

district in which (1) any defendant resides, if all of the defendants reside in the same

state, (2) the district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action is

situated, or (3) a judicial district in which any defendant may be found, if there is no

district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice."  28 U.S.C. § 1406(a).  Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff brings his claims involving Defendants who reside within the venue of the Eastern District of California, in a case where a substantial part of the events or omissions giving rise to the claim also occurred.  *See* 28 U.S.C. §1391(b)(2). Accordingly, IT IS ORDERED in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), that this action be TRANSFERRED to the United States District Court for the Eastern District of California.  In light of the transfer, the Court will not resolve Plaintiff's pending motions (docket no. 2).  The Clerk of the Court shall transfer this matter forthwith.

IT IS SO ORDERED.

DATED: June 21, 2010

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JASON A MORRIS,

             Plaintiff,

  v.

CALIFORNIA DEPT OF CORRECTIONS et al,

             Defendant.

_____/

Case Number: CV10-02425 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jason A. Morris
G38371
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: June 21, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk